18

From: The District Court of the Fourth Judicial District. County of
    Lake.
STATE OF MONTANA, Plaintiff, vs. DUANE A. BOURDON, De-
    fendant.
NO. 792

### DECISION

The application of the above-named defendant for a review of the
sentence of 15 years for First Degree Burglary imposed on May 21,
1970, was fully heard and after a careful consideration of the entire
matter it is decided that:

The 15 year sentence originally imposed be modified as follows:
That the last 5 years of the 15 year sentence be and the same is here-
by suspended.

The reason for the above decision is that while the 15 year sen-
tence is the maximum term that the sentencing Judge could have im-
posed, it is certainly understandable why this was done considering
the criminal record of the defendant. However, this crime was coupled
with several others at about the same time or shortly before and,
also, it is longer than terms usually given for this crime with similar
background.

We thank Mr. Jack Morton, Esq., of the Montana Defender Proj-
ect for his assistance to the defendant and to this Court.

DATED this 9th day of July, 1970.

### SENTENCE REVIEW DIVISION

Paul G. Hatfield, chairman; Jack D. Shanstrom, Sid G. Stewart.

From: The District Court of the Second Judicial District. County of
    Silver Bow.
STATE OF MONTANA, Plaintiff, vs. ROY BROOKS, Defendant.
NO. 8766

### DECISION

The application of the above-named defendant for a review of the
sentence of 40 years for Murder, Second Degree imposed on Septem-
ber 23, 1966, was fully heard and after a careful consideration of the
entire matter it is decided that:

No change will be made in the sentence heretofore imposed.

Mr. Leonard Haxby, Esq., appeared for the defendant and the
main contention was that upon the jury trial of this matter the jury
returned to court and had found the defendant guilty of second de-
gree murder and fixed the sentence at ten years in the state prison
without parole. The judge then had the jury retire and they then con-
victed the defendant of Second Degree Murder but left punishment
to the court and the court fixed a term of 40 years which is well with-
in the scope of the sentence for second degree murder which is not
less than ten years. By sentencing to 40 years the trial judge ap-
parently complied closely with what the jury had recommended, al-
though no one can predict what the parole board will do, we do not
feel that there is sufficient reason to justify any change in the sen-
tence heretofore imposed.

DATED this 9th day of July, 1970.

### SENTENCE REVIEW DIVISION

Paul G. Hatfield, chairman; Jack D. Shanstrom, Sid G. Stewart.